IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT ARKANSAS
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 29 2020

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

| | |
|---|---|
| DAN WHITFIELD and GARY FULTS, ) <br> ......Plaintiffs ) <br> ) <br> v.  ) <br> ) <br> JOHN THURSTON, in his official capacity as ) <br> Secretary of State for the State of Arkansas, ) <br> .....Defendant.) | Case No. 4:20-cv-466-KGB <br><br> This case assigned to District Judge Baker <br> and to Magistrate Judge Ray |

## COMPLAINT

COME NOW the Plaintiffs, Dan Whitfield and Gary Fults, and for their cause of action against the Defendant, John Thurston, in his official capacity as Secretary of State for the State of Arkansas, allege and state as follows, to-wit:

### PARTIES

1. The Plaintiffs in this action are conducting petition drives to appear on the Arkansas ballot as Independent candidates for the Arkansas general election for 2020.

2. Plaintiff DAN WHITFIELD, is a resident of Bella Vista, Arkansas, a registered voter in the State of Arkansas, an Independent candidate for U.S. Senator from Arkansas for the 2020 general election, and is currently conducting a petition drive for ballot access in Arkansas as an Independent candidate for U.S. Senator.

3. Plaintiff GARY FULTS is a resident of Hensley, Arkansas, a registered voter in the State of Arkansas, an Independent candidate for State Representative for District 27 in Arkansas for the 2020 general election, and is currently conducting a petition drive for ballot access in Arkansas as an Independent candidate for State Representative for District 27.

4. All the above-named individual Plaintiffs are citizens of the State of Arkansas and the United States of America, and registered voters of the State of Arkansas. Plaintiffs wish to

support petition drives to have Independent candidates recognized for ballot access in the State of Arkansas and the right to cast their votes effectively for Independent candidates in Arkansas in the 2020 Arkansas General election and future Arkansas elections.

5. Defendant JOHN THURSTON is the duly elected SECRETARY OF STATE FOR THE STATE OF ARKANSAS (hereinafter referred to as Defendant Secretary), and is statutorily responsible in his official capacity for certification of election results, maintaining State election records, administering the election and voter registration laws of the State of Arkansas, pursuant to Ark. Code Ann., §§ 7-7-401, *et seq.* and 25-16-403. Specifically, the Defendant SECRETARY has supervisory authority over all election officials or officers of the county boards of election commissioners, is required to receive the returns from the county boards of election commissioners and canvas and certify the election results, certify the nomination as to independent candidates, maintain the State's election records, assist county officials with conducting federal, state, and district elections, and has responsibility to promulgate, repeal or modify such rules or regulations as he deems necessary to facilitate and assist in achieving and maintaining uniformity in the application, operation, and interpretation of the State and Federal election laws and a maximum degree of correctness, impartiality, and efficiency in administration of the election laws, and to act as the chief state election official responsible for coordination of state responsibilities so as to insure compliance with Federal election laws. The aforesaid Defendant Secretary has offices in the Executive Office State Capitol, Suite 256, 500 Woodlane Avenue, Little Rock, Arkansas 72201.

JURISDICTION AND VENUE

6. This is an action for declaratory and injunctive relief to enjoin violation of Plaintiffs' First and Fourteenth Amendment rights to actively engage in the exercise of their free speech,

right to political association, right to petition, seek redress of grievances, cast an effective vote, and equal protection and due process of the laws of the United States of America to qualify Independent candidates for ballot access in 2020 in Arkansas. The jurisdiction of this Court is invoked pursuant to Title 28, United States Code, §§ 1343(3), 1343(4), 2201, and 2202, and 42 U.S.C. § 1983. Venue of this Court is invoked pursuant to Title 28, U.S.C. § 1391. The rights, privileges, and immunities sought to be declared and redressed are those secured by the First and Fourteenth Amendments to the United States Constitution.

ALLEGATIONS COMMON TO ALL COUNTS

7. This proceeding seeks a judgment declaring Ark. Code Ann. §§ 7-7-101, 7-7-103, and 7-7-203(c)(1), as applied to the Plaintiffs for the 2020 Arkansas general election and for all subsequent general elections in the State of Arkansas and the facts and circumstances relating thereto, unconstitutional in that they violate in their application to the Plaintiffs herein for the 2020 Arkansas general election, and all subsequent Arkansas general elections, the First and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. § 1983. This proceeding also seeks an injunction, both temporary and permanent, against Defendant SECRETARY, prohibiting said Defendant from following and enforcing the provisions of Ark. Code. Ann. §§ 7-7-101, 7-7-103, and 7-7-203(c)(1), as applied to the Plaintiffs herein for the 2020 Arkansas general election, and for all subsequent Arkansas general elections, to the extent that said statutes set an unconstitutional early, unnecessary, and vague deadline of May 1, 2020, coupled with an unnecessarily limited 90-day petitioning period, during election years for Independent candidates, along with the loss and curtailment of the overwhelming majority of petitioning time for the aforesaid 90-day petitioning period in 2020 because of the advent of the Coronavirus (also known as and hereinafter referred to as "Covid-19"). Particularly, the

aforesaid 90-day petitioning period is specifically impacted this year, and will be susceptible to being impacted in future election years, by dangerous and deadly diseases such as Covid-19 and/or severe weather conditions.

8. Covid-19 is a highly infectious disease that can spread from person to person and result in serious illness and death. Right before the beginning of the aforesaid 90-day petitioning period in Arkansas, on January 30, 2020, the World Health Organization declared that Covid-19 constituted a public health emergency of international concern. Thereafter, on January 31, 2020, Alex M. Azar, Secretary of Health and Human Services, declared a nationwide public health emergency in the United States retroactive to January 27, 2020. On February 27, 2020, the Centers for Disease Control issued guidance recommending, among other things, that persons practice "social distancing" to minimize contact with other people in order to slow the spread of Covid-19. The World Health Organization declared Covid-19 to be a "global pandemic" on March 11, 2020. Also on March 11, 2020, Governor Hutchinson declared an emergency, and on March 13, 2020, he amended the emergency declaration to notify the citizens of Arkansas to take precautions to prevent the spread of Covid-19, including minimizing person-to-person contact and the avoidance of large gatherings. Further, on March 13, 2020, President Donald Trump declared a national emergency in the United States due to the Covid-19 outbreak retroactive to March 1, 2020. On March 26, 2020, Governor Hutchinson amended the emergency declaration and noted that the entire state of Arkansas is impacted by Covid-19 and therefore declared "the entire state an emergency disaster area." In addition to other declarations and directives which severely hindered the collection of petition signatures in Arkansas in 2020, Governor Hutchinson on April 4, 2020, amended the emergency declaration so that "All Arkansas citizens must observe proper social distancing." On April 17, 2020, Chief Judge D.P. Marshall, Jr., of the

United States District Court for the Eastern District of Arkansas, filed Administrative Order Five (that was concurred with by all active and senior judges for the Eastern District of Arkansas) which, *inter alia*, noted that "[t]here are now more than sixteen hundred confirmed cases of Covid-19 in Arkansas[,]" "[t]he peak in active cases statewide is expected in early May—a date that has been pushed back as physical distancing has slowed the virus's spread[,]" and to "maintain that pattern, public-health officials continue to recommend distancing, avoiding gatherings of more than 10 people, and wearing masks in public." All the foregoing has greatly and significantly restricted the ability to solicit petition signatures in Arkansas because of restrictions and directives as to where individuals and groups of people can gather and circulate among the public. However, despite the foregoing, both the Plaintiffs in the instant case have continued to conduct their petition drives and have currently gathered petition signatures of registered Arkansas voters which exceed half of the number of petition signatures required for the political offices sought this year by the Plaintiffs.

9. The laws in question which were stated in rhetorical paragraph 7 above, effective for the 2020 Arkansas general election cycle, are as follows, to-wit:

Ark. Code Ann. § 7-7-101

The name of no person shall be printed on the ballot in any general or special election in this state as a candidate for election to any office unless the person shall have been certified as a nominee selected pursuant to this subchapter.

Ark. Code Ann. §7-7-103

(a)(1) A person desiring to have his or her name placed upon the ballot as an independent candidate without political party affiliation for any United States office other than President of the United States or Vice President of the United States or state, county, township, or district office in any general election in this state shall file, during the party filing period for the year in which the election is to be held, a political practices pledge, an affidavit of eligibility, and a notice of candidacy stating the name and title the candidate proposes to appear on the ballot and identifying the elective office sought, including the position number, if any.

(2)(A) An independent candidate shall state the same position, including the position number, if any, on his or her petition.

(B) When a candidate has identified the position sought on the notice of candidacy, the candidate shall not be allowed to change the position but may withdraw a notice of candidacy and file a new notice of candidacy designating a different position before the deadline for filing.

(b)(1)(A) The person shall furnish by 12:00 noon on May 1 of the year in which the general election is to be held petitions signed by not less than three percent (3%) of the qualified electors in the county, township, or district in which the person is seeking office, but in no event shall more than two thousand (2,000) signatures be required for a district, county, or township office.

(B) If the person is a candidate for state office or for United States Senator in which a statewide race is required, the person shall file petitions signed by not less than three percent (3%) of the qualified electors of the state or which contain ten thousand (10,000) signatures of qualified electors, whichever is the lesser.

(2) Each elector signing the petition shall be a registered voter, and the petition shall be directed to the official with whom the person is required by law to file the petition to qualify as a candidate and shall request that the name of the person be placed on the ballot for election to the office mentioned in the petition.

(3) Petitions shall be circulated not earlier than ninety (90) calendar days before the deadline for filing petitions to qualify as an independent candidate unless the number of days is reduced by a proclamation, ordinance, resolution, order, or other authorized document for a special election under 7-11-101, *et seq.*

(4) In determining the number of qualified electors in any county, township, or district or in the state, the total number of votes cast therein for all candidates in the preceding general election for the office of Governor shall be conclusive of the number of qualified electors therein for the purposes of this section.

(5) If the number of days in which the petition for independent candidacy may be circulated is reduced by a proclamation, ordinance, resolution, order, or other authorized document for a special election under 7-11-101, et seq., the number of signatures required on the petition shall be reduced proportionately.

Ark. Code Ann., § 7-7-203(c)(1)

(c)(1) The party filing period shall be a one-week period beginning and ending on the following dates and times:

    (A) For years in which the office of Governor will appear on the ballot at the general election, beginning at 12:00 noon one (1) week prior to the first day in March and ending at 12:00 noon on the first day in March; and

    (B) For years in which the office of President of the United State [sic] will appear on the ballot at the general election, beginning at 12:00 noon on the first Monday in November preceding the general primary election and ending at 12:00 noon on the seventh day thereafter.

  10. The aforesaid complained of laws which require a 90-day petitioning period serve no compelling state interest and have unnecessarily impacted and interfered with Independent candidates and citizens wishing to exercise their fundamental rights to political expression and association and right to petition therefore because said 90-day petitioning period is adversely impacted and effectively reduced by both bad weather and contagious and deadly diseases.

  11. Further, Independent candidates will be further disadvantaged in comparison to the recognized political parties because Independent candidates are usually recognized not to gain in strength until the voting public has had an opportunity to size up who the major political parties are putting up as their nominees. Of further concern, many campaign issues that will be important in the November 2020 general election have not yet crystalized in the public's mind, so as to be a point of debate and contention among potential nominees of a political party.

  12. Arkansas's unnecessarily early aforesaid petition signature deadline for Independent candidate petitions—which is more than six months before the general election in Arkansas in 2020, coupled with the limitation of ninety days to complete petitioning, is unconstitutional because political interests of the voting public is significantly less at a time so distant from the Arkansas general elections, not to mention the devastation caused on petitioning this year because of Covid-19. The laws in question are constitutionally unnecessary and vague, lack any compelling state interest, and unequally and unfairly impacts in a discriminatory manner the rights of Independent candidates, and potential voters supporting Independent candidates.

Further, there has been no showing previously that Arkansas's general election ballot has been cluttered by independent candidates.

13. In the general election cycle in Arkansas for 2020, the Independent petition deadline is May 1, 2020, while the general election is on November 3, 2020. If the complained of Arkansas election statutes are enforced so as to deny the Independent candidates and individual Arkansas registered voters who support those candidates full ballot access and right to a constitutional Independent petition deadline and petitioning period, then the rights to political association, First Amendment free speech, the right to cast one's vote effectively, equal protection and due process of the laws of the United States of America, and free and equal elections will be abridged and denied.

14. Defendant SECRETARY has and will exercise his authority under color of state law in enforcing the aforesaid state laws in such a manner as to be in an unlawful, discriminatory, capricious, vague, and arbitrary manner, in violation of the First and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983, in that:

    A. By reason of said required action as set forth in rhetorical paragraphs 5, 9, 13, and 14 above by said Defendant Secretary, through his agents, employees, and servants, the Plaintiffs herein will be denied their rights to actively and effectively engage in the exercise of their free speech, right to political association, seek redress of grievances, cast an effective vote, and equal protection and due process of the laws of the State of Arkansas and the United States of America;

    B. Said required action as set forth in rhetorical paragraphs 5, 9, 13, and 14 above works to further no constitutional compelling state interest or political purpose for said state election laws—other than to give advantage to the major established political parties. Plaintiffs'

fundamental constitutional freedoms are or will be denied and abridged, the laws in question work in an unequal, vague, and discriminatory manner in that they favor the established and entrenched political parties, and the aforesaid statues in question are not framed in the least restrictive manner necessary to achieve the legitimate state interests in regulating ballot access, particularly as relating to the unnecessarily early and vague petition filing deadline and number of petition signatures required.

15. Plaintiffs herein will suffer immediate and irreparable harm in the event that the complained of actions set forth in rhetorical paragraphs 5, 9, 13, and 14 hereinabove are allowed to occur. The effect of the aforesaid complained of actions would be to effectively deny Plaintiffs those rights enumerated hereinabove in rhetorical paragraph 14(A). Plaintiffs have no adequate remedy at law for the denial of their rights and the impairment of the constitutional rights, privileges, and immunities enjoyed by a citizen of the United States and the State of Arkansas, and, unless a preliminary injunction and a permanent injunction are granted, Plaintiffs will suffer great and irreparable harm.

## COUNT I

### (Declaratory Relief – Right to Freedom of Political Association/ Right to Cast a Vote Effectively/Right to Petition)

16. Plaintiffs reallege and restate each and every material allegation as contained in the Parties, Jurisdiction and Venue, and Allegations Common to All Counts hereinabove, and allege and state in addition thereto as follows, to-wit:

17. Plaintiffs have a fundamental right to political association protected by the First Amendment to the U.S. Constitution, which includes both the right of individuals to associate for the advancement of political beliefs and the right of individuals to vote for the candidates of their choice.

18. Arkansas's statutory scheme, as described herein, is intended to and does restrict Plaintiffs' access to the election ballot, particularly for the general election to be held on November 3, 2020, because of the onset of the corona virus and its negative effect on petitioning.

19. Arkansas's ballot restrictions unduly burden Plaintiffs' fundamental right to political association for the advancement of political beliefs.

20. Arkansas's ballot restrictions unduly burden Plaintiffs' right to cast their vote effectively and to petition and to petition for redress of grievances and to achieve ballot access for Independent candidates.

21. Arkansas's restrictions are so significant of an encroachment upon Plaintiffs' associational freedom that Plaintiffs are entitled to a judgment declaring Arkansas's statutory scheme, as described herein, to be in violation of Plaintiffs' U.S. Constitutional right of freedom of political association, right to cast their vote effectively, and right to petition.

## COUNT II

### (Declaratory Relief – Equal Protection)

22. Plaintiffs reallege and restate each and every material allegation as contained in the Parties, Jurisdiction and Venue, Allegations Common to All Counts, and Count I hereinabove, and allege and state in addition thereto as follows, to-wit:

23. Plaintiffs have a right to equal protection of the laws under the Fourteenth Amendment.

24. Arkansas's statutory scheme involving an unnecessarily early petition deadline and a limited 90-day petitioning period, unequally and unfairly impacts in a discriminatory manner the

right of Independent candidates and their supporters in Arkansas who seek petition signatures for ballot access for Independent candidates in Arkansas.

25. Arkansas's discriminatory statutory scheme for ballot access for Independent candidates and their supporters violates Plaintiffs' right to equal protection of the laws, is arbitrary and capricious, serves no compelling State interest, and is unconstitutional on both its face and as applied to the 2020 general election in Arkansas.

26. Plaintiffs are entitled to a judgment declaring Arkansas's aforesaid statutory scheme to be in violation of Plaintiffs' U.S. Constitutional right of equal protection of the laws.

## COUNT III

### (Injunctive Relief)

27. Plaintiffs reallege and restate each and every material allegation as contained in the Parties, Jurisdiction and Venue, Allegations Common to All Counts, and Counts I and II hereinabove, and allege and state in addition thereto as follows, to-wit:

28. Plaintiffs have suffered and will continue to suffer irreparable injury by the policy, practice, custom, and usage of defendant's complained of actions in this complaint until the defendant is enjoined by this Court.

29. Plaintiffs have no other adequate remedy at law to redress the grievances set forth in this pleading other than this suit for injunctive relief.

### PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiffs demand judgment:

1. Declaring Ark. Code Ann., §§ 7-7-101, 7-7-103, and 7-7-203(c)(1) unconstitutional, both facially and as applied to the Plaintiffs herein for the 2020 Arkansas general

11

election and all subsequent General elections in Arkansas and the facts and circumstances relating thereto as set forth hereinabove in that they are in violation of the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. 1983;

2. Further, declaring that the said required actions as set forth hereinabove pursuant to Ark. Code Ann., §§ 7-7-101, 7-7-103, and 7-7-203(c)(1), are illegal and unconstitutional when considered in combination, particularly as applied to the facts of the case at bar in that they establish an unnecessarily early and vague petition signature deadline and unnecessarily limited petitioning period for Independent candidates for elective office in the State of Arkansas, which results in a limited petitioning time period further removed from the general election, and during a period of time when political interest among the voting public is lower and in a time when petitioning has been adversely affected by Covid-19, so that it is in violation of the First and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983;

3. Permanently enjoining Defendant Secretary from enforcing Ark. Code Ann. §§ 7-7-101, 7-7-103, and 7-7-203(c)(1), as applied to the Plaintiffs herein for the 2020 Arkansas general election cycle, and for all subsequent Arkansas general election cycles, to the extent that said statute set an unconstitutional early, unnecessary, and vague petition deadline for the formation of a new political party, and an unconstitutionally high and unequal petition signature requirement and petition signature period for Independent candidates;

4. Entering a preliminary and permanent injunction allowing the Plaintiffs to submit a lesser required number of petition signatures at a later petition deadline date closer to the general election in Arkansas on November 3, 2020, restraining, prohibiting, and enjoining the Defendant Secretary to the instant action, his agents, employees, and servants, and all persons in active concert and participation with them, from enforcing, applying, or implementing the

aforesaid complained of state election law as applied to the instant Plaintiffs and all similarly situated individuals;

5. Awarding Plaintiffs the reasonable costs and expenses of this action, including attorney's fees pursuant to the Civil Rights Attorney's Fees and Awards Act of 1976, 42 U.S.C. § 1988; and

6. Granting Plaintiffs such further relief as to which they may be entitled and which the Court may deem equitable and just.

Dated this 27th day of April, 2020.

DAN WHITFIELD and GARY FULTS, Plaintiffs

James C. Linger, OBA#5441
1710 South Boston Avenue
Tulsa, Oklahoma 74119-4810
(918) 585-2797 Telephone
(918) 583-8283 Facsimile
bostonbarristers@tulsacoxmail.com

W. Whitfield Hyman, ABN # 2013-237
King Law Group, PLLC
300 North 6th Street
Fort Smith, Arkansas 72901
(901) 413-2625 Telephone
(479) 316-2252 Facsimile
william.hyman@gmail.com
*Counsel for Plaintiffs*